# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-22-00077-CR

---

**Everardo Sanchez-Beiza, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE 274TH DISTRICT COURT OF HAYS COUNTY
NO. CR-19-3980-C, THE HONORABLE GARY L. STEEL, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant Everardo Sanchez-Beiza was convicted by a jury of one count of continuous sexual abuse of a child, one count of indecency with a child by sexual contact, and three counts of sexual assault of a child. *See* Tex. Penal Code §§ 21.02(b), .11(d), 22.011(a)(2). The trial court sentenced appellant to 45 years' confinement for continuous sexual abuse and 20 years' confinement for each of the remaining offenses and ordered that the sentences run concurrently.

Appellant's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See* 386 U.S. 738, 744 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*,

488 U.S. 75, 81–82 (1988). Appellant's counsel has certified to this Court that he sent copies of the motion and brief to appellant, advised appellant of his right to examine the appellate record and file a pro se response, and provided a motion to assist appellant in obtaining the record. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *see also Anders*, 386 U.S. at 744.

On June 3, 2024, appellant filed a motion for extension of time, purportedly written by his cellmate, in which appellant stated that he "speaks limited [E]nglish and reads and writes none." Appellant also stated that he had not understood the record and letter from counsel because they were in English.

Accordingly, on July 3, 2024, we abated the appeal and ordered the trial court to conduct a transcribed hearing and inform appellant, through an interpreter if necessary, that appellate counsel had filed an *Anders* brief and that appellant had until 60 days after the hearing to file a pro se response. We instructed the court to "take any action that it deem[ed] necessary, including the appointment of a translator or interpreter, to guarantee that appellant ha[d] meaningful access to the appellate record and an adequate opportunity to prepare a pro se response if he so desire[d]."

The trial court held the hearing on July 18, 2024. Appellant asserted that he did not speak, read, or write English but desired to file a pro se response. Appellate counsel confirmed that he was fluent in Spanish and informed the trial court that he had sent appellant a letter in Spanish explaining the *Anders* brief's contents. The trial court ordered appellate counsel to serve as appellant's translator and to assist him in filing a pro se response. Appellant's response was due by September 16, 2024, but to date, no response has been filed.

2

We have conducted an independent review of the record—including the record of the trial and sentencing proceedings below and appellate counsel's brief—and find no reversible error.  *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).  We agree with counsel that the record presents no arguably meritorious grounds for review, and the appeal is frivolous.

Counsel's motion to withdraw is granted.  The trial court's judgments of conviction are affirmed.

_____

Edward Smith, Justice

Before Chief Justice Byrne, Justices Smith and Theofanis

Affirmed

Filed:   September 26. 2024

Do Not Publish